IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BAYWARD STONE,

    Plaintiff,

v.                                                                                       No. 2:20-cv-00798-KWR-KK

GEO GROUP, INC, *et al*,

    Defendants.

**ORDER REOPENING CASE AND PERMITTING AMENDMENT**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Strike Improperly Submitted Notice of Dismissal (Doc. 8) (Motion to Reopen). Also before the Court are his motions to appoint counsel; file exhibits; and amend his complaint (Docs. 9, 10, and 15). Plaintiff is incarcerated and proceeding *pro se*. He initiated this case in New Mexico's Fifth Judicial District Court, D-506-CV-2018-01194. His State Court Complaint appears to allege Defendants were negligent and inflicted cruel and unusual punishment. Shortly after the case was removed to this Court, Plaintiff filed a Notice of Dismissal Under F.R.C.P. 41(a) (Doc. 6). The Notice states "the issue at hand is a jurisdictional controversy that will be excluded from Plaintiff's re-amended complaint." *Id.* at 1. The Notice goes on to list the procedural history of the case and concludes that "NMDOC is held vicariously liable for its parent corporations." *Id.* The Clerk's Office used the Notice to close the case.

Plaintiff filed the Motion to Reopen two months later, alleging the Notice was improperly submitted. (Doc. 8). Plaintiff explains he is illiterate and relied on help from another inmate to draft the Notice. Plaintiff states he did not know the title of the Notice contained a request for dismissal, nor did he intend to dismiss the case. "[A] plaintiff who has dismissed his claim by

filing notice under Rule 41(a)(1)(A)(i) may move before the district court to vacate the notice on any of the grounds specified in Rule 60(b)." *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1243 (10th Cir. 2009) (quotations omitted). Rule 60(b) allows relief in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. *See* Fed. R. Civ. P. 60(1)-(3). Mistakes are defined as non-deliberate litigation errors, such as the unauthorized action of an attorney in the litigation. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). Applying liberal construction standards, the Court finds Plaintiff did not knowingly authorize the dismissal of this action, and the Notice constitutes a mistake. The Court will reopen the case.

Plaintiff's motions to amend his complaint and exceed exhibit limits (Docs. 10, 15) will be granted, in part, and denied, in part. The Court will not accept the proposed amended complaint on file (Doc. 17), as it consists of 136 pages and includes extensive exhibits. Within thirty (30) days of entry of this Order, Plaintiff shall file a complaint that contains a short and plain statement of the grounds for relief. *See* Fed. R. Civ. P. 8(a). Plaintiff should "explain what each defendant did to him ...; when the defendant did it; how the defendant's action harmed him ...; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Exhibits are not necessary at this stage in the proceeding, but Plaintiff may include up to ten pages of exhibits, if he believes they are critical to the amended complaint. If Plaintiff declines to timely file an amended complaint, or files an amendment that violates this Order, the Court may dismiss the case with prejudice and without further notice.

As to the remaining request, "[c]ourts are not authorized to appoint counsel in § 1983 cases;

instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The decision to make this request is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Factors guiding the Court's decision include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. The claims here are not particularly complex, and it is at least questionable whether Plaintiff will prevail on the facts alleged. Further, beyond citing his indigency and literacy issues - which unfortunately are factors in many *pro se* cases - Plaintiff has not demonstrated an inability to prosecute the action. The Court will therefore deny the Motion to Appoint Counsel (Doc. 9).

**IT IS ORDERED** that Plaintiff's Motion to Strike Improperly Submitted Notice of Dismissal (**Doc. 8**) is **GRANTED**; and the Clerk's Office shall **REOPEN** this civil case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Exceed Exhibit Limit (**Doc. 10**) and Motion to Enter Amended Petition (**Doc. 15**) are **GRANTED, in part, and DENIED, in part**, as set forth above. Plaintiff may file a single amended complaint within thirty (30) days of entry of this Order, which includes ten pages of exhibits. The Clerk's Office shall **MAIL** Plaintiff a form civil rights complaint.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Appoint Counsel (**Doc. 9**) is **DENIED**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**