# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BAYWARD STONE,

     Plaintiff,

v.                                 No. 2:20-cv-00798-KWR-KK

THE GEO GROUP, INC., *et al,*

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Plaintiff's Amended Civil Rights Complaint (Doc. 20) (Amended Complaint). Plaintiff is incarcerated and proceeding *pro se*. He alleges various officials were deliberately indifferent to his medical needs. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Amended Complaint but grant leave to amend.

## BACKGROUND[1]

Around 2008, Plaintiff had a medical issue similar to hemorrhoids. *See* Doc. 20 at 8. Corizon Medical Services (Corizon) – the medical provider for Lea County Correctional Facility (LCCF) – referred Plaintiff to Presbyterian Hospital for a colonoscopy. *Id.* A Presbyterian physician, Dr. Rafiq, instead performed an esophageal gastroduodenoscopy (EGD). *Id.* Plaintiff regained consciousness during the procedure, and his esophagus was injured. *Id.* Immediately after the EGD, Dr. Rafiq performed the colonoscopy. *Id.* She allegedly penciled in the EGD procedure over the typewritten order directing a colonoscopy. *Id.* Plaintiff developed stenosis of the esophagus after his release from Presbyterian Hospital. *Id.* at 10. Over the next eight years, he had trouble swallowing, breathing, and eating. *Id.* at 9.

---

[1] For the purpose of this ruling, the Court accepts as true all facts in the Amended Complaint (Doc. 20).

Plaintiff continued to experience hemorrhoid-like issues, including rectal bleeding, when he returned to LCCF.  *See* Doc. 1 at 9.  A LCCA PA, Mary Alice Harmon, allegedly cauterized the bleeding without anesthesia.  *Id.*  Plaintiff was also given feminine hygiene products to manage the bleeding, and an official allegedly compared his medical issue to "how a woman feels."  *Id.* The issues continued until 2018, when doctors removed nodules on Plaintiff's thyroid.  *Id.*

The Amended Complaint raises 42 U.S.C. § 1983 claims against seven Defendants for deliberate indifference to medical needs.  *See* Doc. 20 at 2, 4.  The Defendants are: (1) GEO Group (GEO); (2) Corizon; (3) Sergeant Perry, Transport Officer; (4) Dr. Rafiq; (5) Presbyterian Hospital; (6) Dr. Birnbaum, MD at LCCF; and (7) PA Harmon.  *Id.* at 2.  The Prayer for Relief also raises a "claim of negligence from Dr. Rafiq."  *Id.* at 10.  Plaintiff seeks unspecified money damages.  *Id.*  The original Defendants, New Mexico Department of Corrections and Alisha Tafoya Lucero, paid the filing fee upon removal of this action from state court, and the Amended Complaint is ready for initial review.  The Court will analyze whether the Amended Complaint states a federal § 1983 claim before determining whether to exercise supplemental jurisdiction over the state negligence claim against Dr. Rafiq.

## STANDARDS GOVERNING *SUA SPONTE* REVIEW

Where, as here, a prisoner civil rights action is removed from state court, the Court screens the claims under 28 U.S.C. § 1915A.  *See Carr v. Zwally*, 760 F. App'x 550, 554 (10th Cir. 2019) (§ 1915A provides for *sua sponte* review of inmate complaints against government officials, even if they are removed from state court).  Under § 1915A, the Court must dismiss a prisoner civil action *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

2

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend should unless amendment would be futile. *Id.*

## DISCUSSION

Plaintiff's Eighth Amendment claims are analyzed under 42 U.S.C. § 1983, the "remedial vehicle for [addressing the] violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The Amended Complaint here fails to connect four of the seven Defendants (GEO, Corizon, Sergeant Perry, and Dr. Birnbaum) to the alleged wrongdoing. Plaintiff merely states Sergeant Perry "watched this [medical issue] happen," and that LCCF Dr. Birnbaum "disregarded

the dignity and basic standard of care." *See* Doc. 20 at 9. Such allegations do not show any violation of state or federal law. It appears Plaintiff relies on a vicarious liability theory to assert claims against GEO and Corizon. However, entities cannot be held vicariously liable under § 1983 for their employee's wrongdoing. *See Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018). To hold a private entity liable under § 1983, a plaintiff must show the entity adopted an "official … policy of some nature," that was the moving force behind the constitutional violations. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1215–16 (10th Cir. 2003). The medical issues do not appear to be traceable to any policy by GEO or Corizon. The Amended Complaint therefore fails to state a claim against GEO, Corizon, Sergeant Perry, or Dr. Birnbaum.

As to Presbyterian Hospital, the Tenth Circuit recently found that private facility "did not act under color of state law" when treating an inmate. *Mayfield v. Presbyterian Hosp. Admin.*, 772 Fed. App'x 680, 685 (10th Cir. 2019). The same is true of Dr. Rafiq, who appears to be a private physician at Presbyterian Hospital. Plaintiff alleges Dr. Rafiq "exercis[ed] her responsibilities as doctor to … detainees." *See* Doc. 20 at 6. However, these facts fail to indicate Presbyterian Hospital or Dr. Rafiq "acted with 'significant aid from state officials' or that their actions were in some way 'chargeable to the State'" for purposes of § 1983. *Mayfield*, 772 Fed. App'x at 685 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Accordingly, the Amended Complaint fails to state a § 1983 claim against Presbyterian Hospital or Dr. Rafiq.

As to the remaining Defendant (PA Harmon), the Amended Complaint fails to allege facts showing she was deliberately indifferent to the risk of serious harm. The deliberate indifference test requires plaintiffs to "satisfy an objective prong and a subjective prong." *McCowan v. Morales*, 945 F.3d 1276, 1291 (10th Cir. 2019) (quotations omitted). The objective prong requires a substantially serious medical need, which is satisfied "if a physician directed further treatment

after diagnosing the condition or the need for a doctor's attention would be obvious to a lay person." *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021).  To satisfy the subjective prong of the deliberate-indifference test, the complaint must include "evidence of [each individual] prison official's culpable state of mind."  *Id.* at 751.  Each defendant must have known plaintiff faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it.  *See Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).

The Amended Complaint appears to allege PA Harmon cauterized some type of bleeding without anesthesia and supplied feminine hygiene products to manage bleeding.  *See* Doc. 20 at 9.  There is no information about the nature of the cauterization procedure; the extent or cause of the bleeding; and whether Plaintiff was already on any type of pain medication.  The alleged facts also fail to clarify what diagnosis and orders, if any, Plaintiff received after his colonoscopy.  This information is necessary to evaluate whether the "physician's assistant failed to fulfill [her] role as a gatekeeper to other medical personnel," *Prince v. Sheriff of Carter Cty.*, 28 F.4th 1033, 1047 (10th Cir. 2022), or whether she was following "a physician directed … treatment after diagnos[is]."  *Lance*, 985 F.3d at 793.

For these reasons, the Amended Complaint (Doc. 20) fails to state a § 1983 claim against PA Harmon or any named Defendant.  The Court will dismiss the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915A.  *Pro se* prisoners are ordinarily given an opportunity to "remedy defects potentially attributable to their ignorance of federal law."  *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990).  Accordingly, Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.  The Court will reserve ruling on whether to exercise supplemental jurisdiction over the state negligence claim against Dr. Rafiq until after reviewing any amended federal claims.  Plaintiff is advised that "an amended complaint ordinarily

supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991). He must therefore reassert his negligence claim against Dr. Rafiq in the amended civil rights complaint, even though that claim has not yet been screened. If Plaintiff declines to timely file a single, amended complaint or files another pleading that fails to state a cognizable federal claim, the Court will dismiss all federal claims with prejudice and dismiss the state negligence claim without prejudice.

**IT IS ORDERED** that Plaintiff Bayward Stone's Amended Prisoner Civil Rights Complaint (**Doc. 20**) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A; and Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**