IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BAYWARD STONE,

    Plaintiff,

v.                                                                                                        No. 2:20-cv-00798-KWR-KK

THE GEO GROUP, INC., *et al,*

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court following Plaintiff Bayward Stone's failure to file an amended complaint as directed. He is incarcerated and proceeding *pro se.* The prior Complaint (Doc. 20) seeks damages based on deliberate indifference to medical needs and negligence. According to Plaintiff, a prison medical provider referred him to Presbyterian Hospital for a colonoscopy in 2008. *See* Doc. 20 at 8. A Presbyterian physician, Dr. Rafiq, instead performed an esophageal gastroduodenoscopy (EGD). *Id.* Plaintiff regained consciousness during the procedure, and his esophagus was injured. *Id.* He allegedly developed stenosis of the esophagus and had trouble swallowing, breathing, and eating for years. *Id.* at 9. Plaintiff also continued to experience the original hemorrhoid-like issues when he returned to the prison. *Id.* PA Mary Alice Harmon allegedly cauterized the bleeding without anesthesia. *Id.* Plaintiff was also given feminine hygiene products to manage the bleeding, and an official allegedly compared his medical issue to "how a woman feels." *Id.* The issues continued until 2018, when doctors removed nodules on Plaintiff's thyroid. *Id.*

The prior Complaint raises 42 U.S.C. § 1983 claims against various Defendants for deliberate indifference to medical needs. *See* Doc. 20 at 2, 4. The Prayer for Relief also raises a

"claim of negligence [against] Dr. Rafiq." *Id.* at 10.  The prior Complaint seeks unspecified money damages from: 1) GEO Group (GEO); (2) Corizon; (3) Sergeant Perry, Transport Officer; (4) Dr. Rafiq; (5) Presbyterian Hospital; (6) Dr. Birnbaum, MD at LCCF; and (7) PA Harmon.  *Id.* at 2.

By a ruling entered April 20, 2022, the Court screened the prior Complaint and determined it fails to state a cognizable federal claim.  *See* Doc. 21 (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints against government officials).  The alleged facts failed to connect four of the seven Defendants (GEO, Corizon, Sergeant Perry, and Dr. Birnbaum) to the alleged wrongdoing.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  There were also insufficient facts to establish Presbyterian Hospital and Dr. Rafiq acted under color of state law.  As to the remaining Defendant (PA Harmon), the prior Complaint failed to show she was deliberately indifferent to the risk of serious harm.  There was no information about the nature of the cauterization procedure; the extent or cause of the bleeding; and whether Plaintiff was already on any type of pain medication.  The alleged facts also failed to clarify what diagnosis and orders, if any, Plaintiff received after his EGD or later colonoscopy.   This information is necessary to evaluate whether the "physician's assistant failed to fulfill [her] role as a gatekeeper to other medical personnel," *Prince v. Sheriff of Carter Cty.*, 28 F.4th 1033, 1047 (10th Cir. 2022), or whether she was following "a physician directed … treatment after diagnos[is]." *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021).  The Court therefore dismissed the prior Complaint (Doc. 20) for failure to state a cognizable federal claim.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* invited Plaintiff to amend his claims within thirty (30) days of entry of the Screening Ruling.  The ruling set forth the pleading standards for each type of potential claim.  The Court also reserved

ruling on whether to exercise supplemental jurisdiction over the state negligence claim against Dr. Rafiq until after reviewing any amended federal claims.  Plaintiff was warned that if he fails to timely file a single, amended complaint, the Court will dismiss all federal claims with prejudice and dismiss the state negligence claim without prejudice.   The deadline to comply was May 20, 2022.  Plaintiff did not amend his complaint or otherwise respond to the Screening Ruling. Accordingly, the Court will dismiss all federal claims and decline to exercise supplemental jurisdiction over the state negligence claim.

**IT IS ORDERED** that all federal claims in Plaintiff's Amended Complaint for Violation of Civil Rights filed September 27, 2021 (**Doc. 20**) are **DISMISSED WITH PREJUDICE**; the state law negligence claim set forth in that Complaint (**Doc. 20**) is **DISMISSED WITHOUT PREJUDICE**; and the Court will enter a separate judgment closing the civil case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**